# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN TYRONE RUFFIN,

    *Petitioner*,

vs.

DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents*.

2:07-cv-00721-RLH-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

On initial review, the petition fails to state the petitioner's claims with sufficient specificity to allow meaningful initial review of the petition and/or a response by respondents. The petition must be amended in the following respects.

***Ground 1***

In Ground 1, petitioner alleges only that he was denied a Fourteenth Amendment right to a fair jury because the "trial court committed constitutional error in failing to find that the prosecutor had racially discriminated in the exercise of a peremptory challenge." Petitioner must fully state the specific facts supporting his claim, including, *inter alia*, the identity of the potential juror in question, the facts upon which he bases his claim that the prosecutor engaged in racial discrimination in exercising a peremptory challenge to the juror, any

1 objection raised at the time by the defense, and the specific basis of the state trial court's
2 alleged error.  A conclusory claim only that the state trial court erred in failing to find that a
3 prosecutor had racially discriminated in the exercise of "a peremptory challenge" fails to state
4 a sufficiently specific claim for federal habeas relief.

***Ground 2***

Petitioner included Ground 2 on the same page as Ground 1.  Petitioner shall set forth separate claims on separate pages and shall answer the questions on the petition form regarding exhaustion separately for each separate claim.

In Ground 2, petitioner alleges only that he was denied a Fourteenth Amendment right to a fair trial because the "trial court committed prejudicial error by giving a misleading response to a jury deliberation question by ordering a read back of certain witness' testimony." Petitioner must fully state the specific facts supporting his claim, including, *inter alia*, the question asked by the jury, the witness or witnesses in question, the substance of the testimony read back, what was misleading about the trial court's response, and how petitioner allegedly was prejudiced by the trial court's action.

***Ground 3***

In Ground 3, petitioner alleges hat he was denied a Sixth Amendment right to effective assistance of counsel, and he attaches only a conclusory list of nine claims raised in the state postconviction proceedings.  Petitioner must do more than simply provide a list of claims presented in the state courts.  He must set forth each claim either as a separate claim or subpart to a claim. For each claim of ineffective assistance of trial counsel, separately as to each such claim, petitioner: (a) must state the specific facts supporting each claim of ineffective assistance of counsel; and (b) must state the alleged prejudice that was sustained as a result of each such instance of alleged ineffective assistance of counsel, *i.e.*, how the alleged failure affected the outcome of the proceeding. For example, it is insufficient to allege only that counsel was ineffective for "failure to conduct pre-trial investigation or to call expert witnesses."

Petitioner additionally must state the basis for exhaustion for each such claim.

Moreover, it would appear that the ineffective assistance claim identified as Claim 5 under Ground 3 likely is moot. Petitioner alleges that trial and appellate counsel were ineffective due to their failure to adequately challenge the imposition of petitioner's habitual criminal adjudication, resulting in two consecutive life sentences. It appears that petitioner was given a new habitual criminal adjudication and sentencing and was re-sentenced to two concurrent life sentences. It thus would appear that any claim of ineffective assistance of counsel regarding the first habitual criminal adjudication and sentencing was rendered moot by the second adjudication and re-sentencing.

**Ground 4**

Ground 4 similarly consists of insufficient one-line conclusory allegations. Petitioner must allege the specific facts supporting his claims.

Petitioner will be given an opportunity to file an amended petition. Any claims that are not stated with sufficient specificity in the amended petition will be dismissed.

IT THEREFORE IS ORDERED that, given the number of claims listed in the petition, petitioner shall have sixty (60) days within which to file an amended petition correcting the deficiencies identified in, and otherwise complying with the directives in, this order.

IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended petition filed must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged in the amended petition no longer will be before the Court.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 2:07-cv-00721-RLH-PAL, above the word "AMENDED."

IT FURTHER IS ORDERED that petitioner shall attach with the amended petition copies of all state court pleadings, briefs and memoranda upon which he relies in maintaining that the claims in the amended petition were exhausted.

1    IT FURTHER IS ORDERED that this action may be dismissed without prejudice without further advance notice if petitioner fails to file a timely curative amended petition and/or otherwise fails to both fully and timely comply with this order.

    IT FURTHER IS ORDERED that the Clerk of Court shall send petitioner two blank copies of a noncapital Section 2254 petition form together with a copy of the petition and attachments that he submitted.

    DATED: August 30, 2007.

*[signature]*
ROGER L. HUNT
Chief United States District Judge