# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN TYRONE RUFFIN,

    *Petitioner*,

vs.

DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents*.

2:07-cv-00721-RLH-PAL

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on the petitioner's motion (#33) for leave to conduct discovery. Respondents have filed an opposition (#40), and petitioner has filed a reply (#43).

### *Background*

Petitioner Kevin Ruffin seeks to set aside his September 6, 2005, amended Nevada state court judgment of conviction, pursuant to a jury verdict, of burglary and larceny from the person and his adjudication as a habitual criminal. He is serving two concurrent life sentences with the possibility of parole after ten years.

The original charges arose from two pickpocketing incidents in Las Vegas -- one on February 7, 1999, in an elevator at the Bellagio Hotel and Casino (the "Bellagio") and another on February 18, 1999, in an elevator at the New York-New York Hotel and Casino (the "New York-New York"). In the single trial, the jury hung on the Bellagio counts, and those counts

1 later were dismissed. The jury found Ruffin guilty of the two counts arising from the New
2 York-New York incident.

3       Petitioner presents a number of claims in the amended petition (#32), including claims
4 in Grounds Six and Seven that he was denied effective assistance of counsel because trial
5 counsel allegedly failed to adequately investigate the case. The claims presented further
6 include allegations that trial errors and ineffective assistance of counsel vis-à-vis the hung
7 Bellagio counts prejudiced petitioner on the New York-New York counts in the single trial.

8       According to the petitioner's allegations,[1] the State presented testimony at trial that the
9 Bellagio had made a videotape of the incident, and a detective testified that he used this
10 Bellagio videotape to identify Ruffin. At the end of the State's case, however, the State
11 informed the court that the victim had viewed the videotape and stated that it was not her in
12 the videotape, such that the tape was of another incident. The videotape was not shown to
13 the jury, and the trial court, in response to a jury inquiry, declined to disclose to the jury the
14 reason why the tape had not been shown at trial.

15       According to the petitioner's allegations, as to the New York-New York counts, a Circle
16 K convenience store manager, Dan Smolinski, testified regarding a February 19, 1999, charge
17 made on the victim's credit card. Smolinski was not present at the time of the credit card
18 transaction. The female store clerk who was present at that time did not testify. Smolinski
19 testified that he watched the surveillance videotape of the transaction and that he could
20 identify Ruffin from the videotape. He testified that he recognized Ruffin from prior visits,
21 including an attempted credit card transaction ten days earlier where he had taken down the
22 license plate of the individual. Smolinski testified that the store clerk said that the individual
23 on the February 19, 1999, transaction was in the same vehicle. Smolinski testified that he
24 gave the videotape to the police. The State did not present the tape at trial, however.

---

[1] The Court draws the factual recital in the text, for purposes of the current review only, from the allegations in the amended petition and discovery motion, which have not been challenged by respondents as to their substantial accuracy. The Court makes no findings of fact or definitive statement at this time as to the content of the trial record prior to an in-depth review of the underlying state court record in connection with consideration of the merits.

In the present motion, petitioner seeks an order authorizing production of: (1) any and all internal written documentation possessed or under the control of Circle K concerning the February 18, 1999, credit card transaction, along with the name of the female store clerk who conducted the transaction and a copy of her personnel file; (2) any and all Las Vegas Metropolitan Police Department ("Metro") police reports under the relevant incident numbers, including but not limited to original reports, continuation reports, supplemental reports, property reports, evidence impound reports, and witness statements prepared by any officer; and (3) a copy of the Circle K surveillance videotape from the district attorney and/or police department.

## *Discussion*

Rule 6(a) of the Rules Governing Section 2254 Cases (the "Habeas Rules") provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ."

In *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997), the Supreme Court held that Habeas Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), which expressly called for the adoption of the rule. 520 U.S. at 904 & 909, 117 S.Ct. at 1796-97 & 1799. In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner *may*, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300, 89 S.Ct. at 1091 (emphasis added). In *Bracy*, a unanimous Supreme Court, in an opinion authored by Chief Justice Rehnquist, overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory that the petitioner sought to pursue in the discovery. 520 U.S. at 908 & 909, 117 S.Ct. at 1799.

1  The Ninth Circuit, consistent with *Bracy* and *Harris*, accordingly has held repeatedly that habeas discovery is appropriate in cases where the discovery sought only might provide support for a claim. *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997); *see also Osborne v. District Attorney's Office*, 521 F.3d 1118, 1133 (9th Cir. 2008)(in discussing its precedent in *Jones* as to habeas discovery, the Ninth Circuit emphasized the availability of discovery that, as emphasized by the Court of Appeals, only *"may* establish" a factual basis for the petitioner's claim).

The Court is persuaded that petitioner has demonstrated good cause for the particular discovery sought, and it is not persuaded by the respondents' arguments in opposition to the request.

First, the Court is not persuaded that it should deny the specific request for discovery presented in the motion based upon the oft-heard refrain that the discovery requested merely would be a "fishing expedition."[2]

Second, the Court is not persuaded that the discovery should be denied on the basis that a federal evidentiary hearing, *arguendo*, may not be available. The Ninth Circuit has expressly rejected the argument that federal habeas discovery is available only when a federal evidentiary hearing also is available. *E.g., Jones*, 114 F.3d at 1008-09.

Third, the Court is not persuaded, on the showing and arguments made at this preliminary juncture, that the petitioner did not exercise reasonable diligence in seeking to obtain discovery in the state post-conviction proceedings.

/ / / /

---

[2] Respondents rely upon *Calderon v. United States District Court (Nicolaus)*, 98 F.3d 1102 (9th Cir. 1996), for the proposition that a habeas petitioner should not be allowed to conduct a "fishing expedition." *Nicolaus* is far afield from this case. The petitioner in *Nicolaus* sought pre-petition discovery, on unspecified claims, of "all documents pertaining" to his case. The Ninth Circuit has specifically distinguished *Nicolaus* on the basis that it involved pre-petition discovery, and, further, significantly, the Court of Appeals has noted that *Nicolaus* was decided before *Bracy*. *See McDaniel v. United States District Court* 127 F.3d 886, 888 (9th Cir. 1997). This Court, through Judge Dawson, similarly has distinguished *Nicolaus* on these very same grounds. *Beets v. McDaniel*, 2007 WL 602229, at *5 (D.Nev., Feb. 20, 2007)(unpublished). The Court, once again, does not find that *Nicolaus* provides a persuasive basis for rejecting targeted discovery sought by federal habeas counsel regarding claims that have been alleged with particularity. *See also Allen Koerschner v. Warden*, 3:05-cv-00587-ECR-VPC, #60, at 3 n.1 (rejecting same argument based on same authority).

-4-

Finally, the Court is not persuaded that it should deny the discovery because any new claims or allegations made by appointed counsel based upon the discovery materials possibly may be unexhausted, procedurally-defaulted, and/or time-barred. The better course, in the circumstances presented, would be to address any such issues, if counsel in fact presents new claims or allegations, in relation to what the evidence in fact shows rather than to what the evidence possibly might have shown if it had been produced.

The Court finds, however, that preliminary steps should be taken to protect the privacy interests of the store clerk regarding the personnel file, unless and until it is determined that the personnel file contains no materials warranting protection. In this vein, the Court finds, in accordance with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), that a compelling need, both to protect the privacy of the individual and further to protect her personal identifying information from improper use, outweighs the public interest in open access to court records, including the related portions of dispositive filings. The Court accordingly will require that the preliminary steps outlined at the end of this order shall be taken with regard to the personnel file.

IT THEREFORE IS ORDERED that petitioner's motion (#33) for leave to conduct discovery is GRANTED to seek production of the materials identified therein and to the extent consistent with the remaining provisions herein. No further prior authorization from this Court shall be required pursuant to Habeas Rule 6 in order to pursue specific discovery requests (such as, for example, requests for production, third-party subpoenas, and/or notices of records depositions) to obtain the discovery sought.

IT FURTHER IS ORDERED that the certification requirements of Rules 26(c)(1) and 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule LR 26-7 shall apply to any disputes with regard to the discovery allowed herein. The parties shall confer and endeavor in good faith to resolve any discovery disputes in this regard, and they shall seek court intervention only as a last resort. The provisions of Rules 26 through 37 as to discovery sanctions shall apply. Any discovery matters in this case, including any emergency discovery disputes under Local Rule LR 26-7(c), will be handled by the Presiding District Judge.

IT FURTHER IS ORDERED that the parties and counsel shall treat any personnel file produced as a confidential document subject to the provisions below until further order of the Court. If petitioner's counsel determines that the personnel file does not contain information requiring confidential treatment and a copy of the file will be filed into the record herein, counsel may file a motion seeking to remove the restrictions outlined below, except for the requirements of Special Order No. 108.

IT FURTHER IS ORDERED that, until ordered otherwise by the Court, the parties and their counsel are prohibited from using or disclosing the information in the personnel file for any purpose other than this litigation and that access to the information in the records shall be restricted to counsel and only such expert witnesses, investigators, and clerical staff as are necessary for the preparation and filing of documents in this matter. Petitioner's counsel and/or counsel's agent further may review the information with petitioner if necessary.

IT FURTHER IS ORDERED that, within thirty (30) days of the conclusion of this matter upon the expiration of all remaining delays for review on appeal or *certiorari*, the parties, counsel and their agents (such as expert witnesses and investigators) shall either destroy all copies of the personnel file or return same to the employer. Counsel for petitioner and the respondents shall file a statement of compliance with this directive, as to all copies distributed, within sixty (60) days of the conclusion of this matter.

IT FURTHER IS ORDERED that if copies of the personnel file are attached with a filing, the copies shall be filed under seal. If the parties must discuss the information in the records in a non-dispositive motion or other paper, counsel shall file the motion or paper under seal as well. If the parties must discuss the information in the records in a pleading or dispositive motion or paper, counsel shall file that section of the pleading, dispositive motion or other paper as an appendix under seal along with a cross-reference to the sealed appendix in the remainder of the pleading, dispositive motion or other paper, which shall be filed in the open record. That is, a pleading or dispositive motion or other paper shall be filed under seal only to the extent necessary to protect the confidentiality of the information in the records, and such pleading, motion or paper otherwise shall be filed as an open record document.

IT FURTHER IS ORDERED that counsel both for petitioner and for respondents shall have access to all documents filed under seal pursuant to this order.

IT FURTHER IS ORDERED that the parties shall comply with this Court's Special Order No. 108 with regard to the redaction of any of the personal data identifiers specified in the special order that are contained in the personnel file. For this case, the parties shall redact personal data identifiers also from the document filed under seal, unless the personal data identifier in the sealed document is necessary and relevant to an issue on federal habeas review.

IT FURTHER IS ORDERED that petitioner shall have ninety (90) days from entry of this order to complete the discovery. Thereafter, petitioner shall have until one hundred twenty (120) days from entry of this order, *i.e.*, an additional thirty (30) days beyond the discovery deadline, to file either a superceding second amended petition including any additional claims or allegations asserted as a result of the discovery or a notice that petitioner will proceed on the first amended petition. Any amended petition filed shall name the warden having physical custody of the petitioner as a respondent. The Court thereafter will screen the pleading then on file prior to ordering a response.

IT FURTHER IS ORDERED that petitioner's *pro se* letter status request (#44) is STRICKEN. Petitioner's counsel shall advise petitioner that he must obtain updates from counsel and that he may not file *pro se* papers in a case in which he is represented.

DATED: May 4, 2009.

_____
ROGER L. HUNT
Chief United States District Judge

-7-