# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN TYRONE RUFFIN,

 *Petitioner*,

vs.

DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

 *Respondents*.

2:07-cv-00721-RLH-PAL

ORDER

  This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#59) for additional briefing and oral argument.

  Petitioner seeks an opportunity for additional briefing and oral argument regarding the implications of *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), vis-à-vis adjudication of the merits of Grounds 1, 2 and 6. The Court referenced *Pinholster* in this regard, directly or indirectly, in its recent order addressing exhaustion issues as to these claims. See #57, at 7 n.10, 8 & 15-16.

  The Court will allow an opportunity for – an exceedingly quick – supplemental briefing cycle. The supplemental briefing cycle largely will coincide with the current briefing cycle previously set on petitioner's election under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), as to the relief to be requested regarding the unexhausted claims.

  However, the Court is not able at this late juncture in this case to schedule an oral argument in this matter. Following upon the disposition of the unexhausted claims, a likely

partial dismissal, the Court must move as expeditiously as possible to resolve the merits issues on the numerous claims in this case, including evaluation of petitioner's request for an evidentiary hearing. If the Court were to order an evidentiary hearing on one or more claims, it would need to be able to do so in time to resolve all issues in this case no later than September 30, 2011. The Court simply does not have the time to divert from that effort to prepare for and hold an oral argument. Counsel needs to say what counsel wishes to say about the application of *Pinholster* to the claims in this case in the supplemental briefing.

The Court will not set a page limit for the length of the briefing, on the assumption that the short deadlines will facilitate brevity. Counsel should note, however, that the Court does not need extensive – and essentially immaterial – recitations of procedural minutiae such as a recital of the preceding procedural history in the case complete with the specific filing date of sundry filings. If the Court needs to review the procedural history of this case and determine the dates of filings herein, it can do that more efficiently on the electronic docketing system. Moreover, in the prior order, the Court summarized the pertinent state court procedural history and fairly extensively summarized the underlying factual particulars on the three grounds in question, particularly as to Ground 1. Counsel may write against the backdrop of these summaries, subject to whatever correction or amplification is needed. In short, counsel should just "cut to the chase" and present their arguments as to the application of *Pinholster* to the adjudication of the merits of the claims.

IT THEREFORE IS ORDERED that petitioner's motion (#59) for additional briefing and oral argument is GRANTED IN PART and DENIED IN PART, as further specified below.

IT FURTHER IS ORDERED that petitioner shall have **seven (7) days** from entry of this order within which to file a supplemental brief addressing the application of the *Pinholster* decision to the adjudication of Grounds 1, 2 and 6, that respondents shall have **seven (7) days** from the **filing date** of petitioner's brief (with electronic service) to file a supplemental brief in response, and that petitioner shall have **seven (7) days** from the **filing date** of respondents' brief (with electronic service) to file a supplemental brief in reply.

IT FURTHER IS ORDERED that the request for oral argument is denied.

**Extension of the deadlines established herein will be considered in only the most extraordinary of circumstances. Any necessary extensions of time based upon scheduling conflicts with the demands of other cases in this District ordinarily should be sought in the later-filed case.**

DATED: July 6, 2011.

_____
ROGER L. HUNT
United States District Judge