# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN TYRONE RUFFIN,

    *Petitioner*,

vs.

DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents*.

2:07-cv-00721-RLH-PAL

ORDER

Following upon petitioner's motion (#58) for partial dismissal in this represented habeas matter under 28 U.S.C. § 2254, which motion has not been opposed,

IT IS ORDERED that petitioner's motion (#58) is GRANTED and that the following claims are DISMISSED without prejudice for lack of exhaustion:

(1) Ground 3 to the extent that petitioner alleges that trial counsel was ineffective for failing to object to references in the State's opening statement and closing argument about the Bellagio videotape;

(2) Ground 4 in its entirety;

(3) Ground 5 to the extent that petitioner claims that trial counsel was ineffective for failing: (a) to challenge the identification testimony of Dan Smolinski and Dolores Harris; and (b) to object to

Diana Stubenrauch's testimony identifying Ruffin in the surveillance video as inadmissible lay opinion;

(4) Ground 7 to the extent that petitioner claims that trial counsel was ineffective for failing: (a) to interview witnesses Dan Smolinski, Dolores Harris, and Diana Stubenrauch, to enable counsel to either exclude their identification testimony entirely or at least impeach the witnesses; and (b) to interview Ruffin's alleged accomplices, Kimberly Meeks and Wanda Duncan, to discover that Meeks allegedly would have testified that she did not know Ruffin and that she never rented a car with Duncan; and

(5) Grounds 11 and 12 in their entirety.

The Court is endeavouring to issue an order on the remaining claims in the petition, including regarding the request for an evidentiary hearing, as promptly as possible, following upon the completion of the recent supplemental briefing.

DATED: July 28, 2011.

_____
ROGER L. HUNT
United States District Judge