# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN TYRONE RUFFIN,

    *Petitioner*,

vs.

DIRECTOR NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents*.

2:07-cv-00721-RLH-PAL

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#68) for reconsideration as to the Court's recent order scheduling an evidentiary hearing on the remaining claims of ineffective assistance of trial counsel in Grounds 2, 3, 5, 6 and 7.

The Court held, in the course of ordering an evidentiary hearing, that these claims were subject to *de novo* review, pursuant to the following analysis:

> The Supreme Court of Nevada rejected the corresponding claims presented on state post-conviction review on the following grounds:
>> We have carefully reviewed each of the above allegations and conclude that Ruffin *failed to show that, but for his trial counsel's alleged errors, the results of the trial would have been different*. In reaching this conclusion, we note that sufficient evidence supported Ruffin's conviction. This evidence included: the testimony of Diana Stubenrauch, the victim, who positively identified Ruffin as being on an elevator with her prior to her

        wallet disappearing; a security surveillance video corroborating Mrs. Stubenrauch's testimony; the testimony of Dan Smolinksi linking Ruffin to the possession and attempted use of Mrs. Stubenrauch's credit card; and considerable other circumstantial evidence.  We also note that this court considered the prejudicial impact of the jury's exposure to testimony concerning the Bellagio security surveillance video on direct appeal and determined that the issue was without merit. . . . .

#38, Ex. 110, at 5 (emphasis added)(citation footnotes omitted).

        The state supreme court's decision on these claims was contrary to clearly established federal law as determined by the United States Supreme Court.

        As discussed, *supra*, a petitioner seeking to establish ineffective assistance of counsel must demonstrate both deficient performance and resulting prejudice.  On the prejudice prong, under *Strickland* and its progeny, a petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  A reasonable probability requires a "substantial," not just a "conceivable," likelihood of a different result.  *Pinholster*, 131 S.Ct. at 1403.

        What a "reasonable probability" requires under *Strickland* decidedly is *not* a probability that is more probable than not.  *See,e.g., Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1243 (9th Cir. 2005).  In the present case, the Supreme Court of Nevada applied precisely such a more probable than not standard.  The state high court required Ruffin to demonstrate that but for counsel's errors, "the results of the trial would have been different."  Petitioner was not required under *Strickland*, however, to demonstrate that the result of his trial "would have been different" but for counsel's alleged errors.  He instead was required to demonstrate a probability only "sufficient to undermine confidence in the outcome."  The state supreme court's application of a more-probable-than-not prejudice standard rendered its decision contrary to clearly established Supreme Court precedent.  *Cooper-Smith*, *supra*.  This Court accordingly must review the claims of ineffective assistance of trial counsel *de novo*.  *Id.*

        The Court additionally would note that the state supreme court's reliance upon the sufficiency of the evidence as a basis for concluding that petitioner could not demonstrate prejudice begged the question as to many claims.

        . . . . .

        This Court need not consider, however, whether the

-2-

> Nevada Supreme Court's application of *Strickland* was an objectively unreasonable one, however. The state supreme court's decision in all events was contrary to *Strickland* because the court misstated the governing standard for determining prejudice. *Cooper-Smith, supra*. As stated above, the Court thus reviews petitioner's claims of ineffective assistance of trial counsel *de novo*.

#66, at 37-39.

Respondents contend that the Court misapplied the 2005 Ninth Circuit decision in *Cooper-Smith* and misread the Nevada Supreme Court's decision as applying a more-probable-than-not causation standard when the state high court did not use those words. Respondents contend that this Court's decision is contrary to the 2002 United States Supreme Court decision in *Woodford v. Visciotti*, 537 U.S. 19, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002). Respondents maintain that the *Visciotti* decision establishes that this Court improperly presumed that the state supreme court misapplied *Strickland* merely "because the Nevada Supreme Court only spelled-out part of the test for prejudice."[1]

The Court is not persuaded.

In *Visciotti*, the United States Supreme Court's discussion clearly establishes that the California Supreme Court expressly stated the correct standard of prejudice under *Strickland*:

> The California Supreme Court began its analysis of the prejudice inquiry by setting forth the "reasonable probability" criterion, with a citation of the relevant passage in *Strickland*; and it proceeded to state that "[t]he question we must answer is **whether there is a reasonable probability that, but for counsel's errors and omissions**, the sentencing authority would have found that the balance of aggravating and mitigating factors did not warrant imposition of the death penalty," again with a citation of *Strickland*. *In re Visciotti*, 14 Cal.4th, at 352, 58 Cal.Rptr.2d, at 817, 926 P.2d, at 1003 (citing *Strickland, supra*, at 696, 104 S.Ct. 2052). **Twice, the court framed its inquiry as turning on whether there was a "reasonable probability" that the sentencing jury would have reached a more favorable penalty-phase verdict**. 14 Cal.4th, at 352, 353, 58 Cal.Rptr.2d, at 817, 818, 926 P.2d, at 1003, 1004. The following passage, moreover, was central to the California Supreme Court's analysis:
>
> "*In In re Fields,* [51 Cal.3d 1063, 275 Cal.Rptr. 384, 800 P.2d 862 (1990)] (3)27 we addressed the

---

[1] #68, at 2.

-3-

> process by which the court assesses prejudice at the penalty phase of a capital trial at which counsel was, allegedly, incompetent in failing to present mitigating evidence: '**What kind of evidentiary showing will undermine confidence in the outcome of a penalty trial that has resulted in a death verdict?** *Strickland* (3)27 and the cases it cites offer some guidance. *United States v. Agurs*[, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)] (3)27, the first case cited by Strickland, spoke of evidence which raised a reasonable doubt, although not necessarily of such character as to create a substantial likelihood of acquittal .... *United States v. Valenzuela-Bernal*[, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)] ..., the second case cited by *Strickland*, referred to evidence which is "material and favorable ... in ways not merely cumulative...." ' " Id., at 353-354, 58 Cal.Rptr.2d, at 818, 926 P.2d, at 1004.
>
> "**Undermin[ing] confidence in the outcome**" is exactly *Strickland*'s description of what is meant by the "reasonable probability" standard. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, supra, at 694, 104 S.Ct. 2052.

537 U.S. at 22-23, 123 S.Ct. at 359 (bold emphasis added).

In *Visciotti*, the state supreme court stated the correct standard of prejudice not merely once, but instead multiple times. The United States Supreme Court held in *Visciotti* that the federal court of appeals erred in concluding that the state supreme court's decision was contrary to clearly established federal law merely because the state supreme court used a shorter, less precise statement of the prejudice standard in other portions of its opinion. *See*, 537 U.S. at 23-24, 123 S.Ct. at 359-60.

In the present case, in contrast, the state supreme court did not state the correct standard of prejudice prior to its application of an incorrect standard to the claims of ineffective assistance of trial counsel. The state high court rejected petitioner's claims of ineffective assistance of trial counsel because "Ruffin *failed to show that, but for* his trial counsel's alleged errors, the results of the trial *would have been different*." The state supreme court could not have more clearly misstated – or more clearly misapplied – the governing standard. The Nevada Supreme Court's incorrect statement of the prejudice standard – without a prior statement of the standard in the opinion reflecting that the state

supreme court was applying the correct standard – renders the 2002 *Visciotti* decision inapposite.

Respondents urge that *Visciotti* establishes a rule under which the state supreme court is presumed to have applied the proper standard where: (1) the court cites *Strickland*; (2) the court quotes language directly from *Strickland* concerning the applicable standard for prejudice; and (3) cites a state law case that more fully set forth the *Strickland* standard. As discussed above, *Visciotti* did not hold that the mere citation to *Strickland* overcomes a state supreme court's incorrect statement of the *Strickland* standard in its opinion. The state court in *Visciotti* properly fully stated the governing *Strickland* prejudice standard in its opinion multiple times. In this case, the Supreme Court of Nevada instead applied the wrong standard. Moreover, the state court decision to which respondents refer, *Kirksey v. State*, 112 Nev. 980, 923 P.3d 1102 (1996), is cited later in the order in the discussion of petitioner's claim of ineffective assistance of appellate counsel, and the Supreme Court of Nevada cited to a different portion of *Kirksey* than respondents now cite in their briefing.[2] The state high court's decision in this case thus arguably does not satisfy even the test advanced by respondents, which in truth was never articulated in *Visciotti*. In all events, respondents cite no apposite authority establishing that a failure to apply the correct standard in the text of an opinion is remedied by a citation to prior cases that do not make the same error.

Respondents further urge that this Court should look to the state trial court's allegedly correct statement of the *Strickland* standard to overcome the state supreme court's application of an incorrect standard. Respondents rely on decisions from other contexts in which a state high court adopted the reasoning of the trial court. In this case, however, the Supreme Court of Nevada neither adopted the reasoning of the trial court in this regard nor rendered a summary denial that left the state district court's decision as the last reasoned decision in the case. The Nevada Supreme Court's decision instead was the last reasoned

---

[2]*Compare* #38, Ex. 110, at 6 n.10 *with* #68, at 5. The *Woodford* state court decision actually cited by the Supreme Court of Nevada in its discussion of the claim of ineffective assistance of trial counsel did not fully state the *Strickland* standard.

decision in the case, and under established law, that is the decision to which review is directed on federal habeas review. The state supreme court's application of an incorrect standard is not remedied by the alleged lack of a similar error in the trial court.

Respondents additionally urge that the Court should look to other published decisions by the Supreme Court of Nevada properly stating and applying the *Strickland* standard. The decision under review, however, is the Nevada Supreme Court's adjudication in Ruffin's case. Respondents essentially posit that so long as the state supreme court did not make the same error in some other case not currently under review, the state high court's application of an incorrect standard in this case should be disregarded. Even AEDPA review is not that deferential.

The incorrect prejudice standard applied by the Supreme Court of Nevada in the present case is in substance identical to the incorrect prejudice standard applied in *Cooper-Smith*. In the 2005 *Cooper-Smith* decision, the last reasoned state court decision rejected the claim of ineffective assistance based upon a "more probable than not" standard for demonstrating prejudice. Respondents urge that the "words 'more likely than not' or 'more probable than not' simply do not appear anywhere in the Nevada Supreme Court's order."[3] Respondents' argument that this standard did not require more-probable-than-not causation is unpersuasive. Requiring petitioner to show that but for the error the result would have been different clearly was not requiring petitioner to show that it was less likely than not that the error affected the outcome.

Moreover, the Court remains less than sanguine that the state supreme court's application of *Strickland* was an objectively reasonable one. *Inter alia*, responding to claims that counsel should have acted to secure the exclusion of evidence with the observation that the challenged evidence was sufficient to convict is circular reasoning that arguably transcends ordinary appellate error. The Court leaves that issue to another day, however, as the state supreme court's decision was contrary to clearly established federal law.

---

[3] #68, at 2 (emphasis in original).

1   The motion for reconsideration therefore will be denied. The evidentiary hearing will
2   proceed forward as scheduled.[4]
3   IT THEREFORE IS ORDERED that respondents' motion (#68) for reconsideration is
4   DENIED.
5   DATED: September 6, 2011.

_____
ROGER L. HUNT
United States District Judge

---

[4] The Court notes in passing that *Pinholster* – by its own express terms – does not categorically bar the holding of a federal evidentiary hearing. *See* 131 S.Ct. at 1411 n.20. What *Pinholster* precludes is the reliance on the evidence developed in federal court if the state court decision ultimately withstands deferential AEDPA review.